**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRAD WASHBURN, | No. CIV S-06-2501-FCD-CMK |
| Plaintiff, | |
| vs. | ORDER |
| COUNTY OF SACRAMENTO, OFFICE OF THE PUBLIC DEFENDER, | |
| Defendant. | |

Plaintiff, who is proceeding pro se and in forma pauperis, brings this civil action. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action

1

"[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ." Because plaintiff has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

    In his pleading, which is captioned "Complaint," plaintiff states:

> June 29th 2006 – Sep. 13th 2006. Did not do <u>anything</u> to help my defense. This comes from 06DV00913 in family court. I ask this court for a [sic] emergency temp. injunction on my 60 days in jail start Nov. 13 of this year.
> Please, I'm asking for help. I want to see my kids. As of now I must wait 3 years.

This is the entirety of plaintiff's pleading.

    Given that plaintiff has named the Office of the Public Defender as a defendant to this action, it appears that plaintiff is alleging that he is facing incarceration due to ineffective assistance of counsel. It also appears that plaintiff is being prosecuted in the state court and that plaintiff's allegation arises from that prosecution. It is not clear, however, whether plaintiff has been convicted of any crime. In any event, this court cannot hear plaintiff's claim at this time. If plaintiff has not yet been convicted, the court would be barred from considering the instant civil case until plaintiff has actually been convicted. <u>See, e.g.</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971). Once plaintiff has been convicted, a claim of ineffective assistance of counsel would sound in habeas. Therefore, if plaintiff has already been convicted, the instant action would have to be dismissed in favor of plaintiff pursuing his rights in an exhausted habeas corpus petition. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>see also</u> <u>Neal v. Shimoda</u>, 131 F.3d 818, 824 (9th Cir. 1997); <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). <u>See</u> <u>Edwards v. Balisok</u>, 520 U.S. 641, 646 (1987); <u>Heck v. Humphrey</u>, 512 U.S. 477, 483-84 (1994); <u>Butterfield v. Bail</u> 120 F.3d 1023, 1024-25 (9th Cir. 1997).

///

///

1       It is possible that the court does not understand plaintiff's claim given the lack of
2 specificity in the current pleading.  Therefore, in the interest of justice, plaintiff will be given an
3 opportunity to amend the complaint before dismissal is recommended.  Plaintiff is warned that
4 failure to file an amended complaint within the time provided in this order may result in
5 dismissal of this action.  <u>See</u> Local Rule 11-110.
6       Accordingly, IT IS HEREBY ORDERED that:
7       1.     Plaintiff's complaint (Doc. 1), filed on November 9, 2006, is dismissed
8 with leave to amend; and
9       2.     Within 30 days of the date of this order, plaintiff shall file a first amended
10 complaint.

12 DATED:  December 6, 2006.

14                                                  **CRAIG M. KELLISON**
15                                                  UNITED STATES MAGISTRATE JUDGE