**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

BRAD WASHBURN,                                        No. CIV S-06-2501-FCD-CMK

    Plaintiff,

    vs.                                                              ORDER

COUNTY OF SACRAMENTO,
OFFICE OF THE PUBLIC
DEFENDER,

    Defendant.

_____/

        Plaintiff, who is proceeding pro se and in forma pauperis, brings this civil action. On December 7, 2006, the court issued an order dismissing the complaint and granting plaintiff leave to amend within 30 days. As of January 25, 2007, plaintiff had not filed an amended complaint as directed. As a result, the court issued findings and recommendations that this action be dismissed for lack of prosecution and failure to comply with court rules and orders. See Local Rule 11-110. On January 26, 2007, the Clerk of the Court discovered an error on the docket with respect to plaintiff's mailing address and entered a Clerk's Notice of Docket Correction on the docket. Specifically, plaintiff's mailing address had not been entered correctly when the case was initially docketed. The Clerk of the Court re-served all orders in this case to plaintiff at his correct address.

        In light of the foregoing, the court finds it appropriate to vacate the dismissal

findings and recommendations filed on January 26, 2007, and to provide plaintiff with additional time to file an amended complaint as directed by the December 7, 2006, order. For convenience, the court restates the reasons for dismissal articulated in the December 7, 2006, order:

> Given that plaintiff has named the Office of the Public Defender as a defendant to this action, it appears that plaintiff is alleging that he is facing incarceration due to ineffective assistance of counsel. It also appears that plaintiff is being prosecuted in the state court and that plaintiff's allegation arises from that prosecution. It is not clear, however, whether plaintiff has been convicted of any crime. In any event, this court cannot hear plaintiff's claim at this time. If plaintiff has not yet been convicted, the court would be barred from considering the instant civil case until plaintiff has actually been convicted. See, e.g. Younger v. Harris, 401 U.S. 37 (1971). Once plaintiff has been convicted, a claim of ineffective assistance of counsel would sound in habeas. Therefore, if plaintiff has already been convicted, the instant action would have to be dismissed in favor of plaintiff pursuing his rights in an exhausted habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). See Edwards v. Balisok, 520 U.S. 641, 646 (1987); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994); Butterfield v. Bail 120 F.3d 1023, 1024-25 (9th Cir. 1997).

Plaintiff is again warned that failure to file an amended complaint could result in dismissal of the entire action.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed on January 26, 2007, are vacated; and

2. Within 30 days of the date of this order, plaintiff shall file a first amended complaint.

DATED: January 29, 2007.

                                                  **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE