**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRAD WASHBURN, | No. CIV S-06-2501-FCD-CMK |
|     Plaintiff, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| COUNTY OF SACRAMENTO, OFFICE OF THE PUBLIC DEFENDER, | |
|     Defendant. | |
| _____ / | |

    Plaintiff, who is proceeding pro se, brings this civil action. In his "Complaint" plaintiff states:

    June 29th 2006 – Sep. 13th 2006. Did not do <u>anything</u> to help my defense. This comes from 06DV00913 in family court. I ask this court for a [sic] emergency temp. injunction on my 60 days in jail start Nov. 13 of this year.
    Please, I'm asking for help. I want to see my kids. As of now I must wait 3 years.

This is the entirety of plaintiff's pleading.

/ / /

/ / /

1

On December 7, 2006, the court issued an order screening plaintiff's pleading as required by law. In that order, the court observed:

> Given that plaintiff has named the Office of the Public Defender as a defendant to this action, it appears that plaintiff is alleging that he is facing incarceration due to ineffective assistance of counsel. It also appears that plaintiff is being prosecuted in the state court and that plaintiff's allegation arises from that prosecution. It is not clear, however, whether plaintiff has been convicted of any crime. In any event, this court cannot hear plaintiff's claim at this time. If plaintiff has not yet been convicted, the court would be barred from considering the instant civil case until plaintiff has actually been convicted. See, e.g. Younger v. Harris, 401 U.S. 37 (1971). Once plaintiff has been convicted, a claim of ineffective assistance of counsel would sound in habeas. Therefore, if plaintiff has already been convicted, the instant action would have to be dismissed in favor of plaintiff pursuing his rights in an exhausted habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). See Edwards v. Balisok, 520 U.S. 641, 646 (1987); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994); Butterfield v. Bail 120 F.3d 1023, 1024-25 (9th Cir. 1997).

Plaintiff was given an opportunity to clarify his pleading and was directed to file an amended complaint within 30 days. Plaintiff was warned that failure to comply could result in dismissal of this action.

Upon expiration of the 30-day period, plaintiff had not filed an amended complaint as directed and, on January 25, 2007, the court issued findings and recommendations that this action be dismissed for lack of prosecution and failure to comply with court rules and orders. Because it appeared that plaintiff's address was not correctly listed on the court's docket, the Clerk of the Court re-served previous documents on plaintiff and, on January 30, 2007, the court vacated the dismissal findings and recommendations and granted plaintiff an additional 30 days to file an amended complaint. To date, plaintiff has not complied.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

1  the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
2  their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,
3  46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an
4  appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
5  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
6  appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
7  1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
8  follow local rules, see Ghazali, 46 F.3d at 53, and failure to comply with an order to file an
9  amended complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

10         Having considered these factors, the court finds that dismissal of the action is
11  appropriate.  Specifically, plaintiff has failed to comply with the court's order directing him to
12  file an amended complaint.  Moreover, as the court noted in the December 7, 2006, order, it does
13  not appear that plaintiff's action can proceed at this time.

14         Based on the foregoing, the undersigned recommends that this action be
15  dismissed, without prejudice.

16         These findings and recommendations are submitted to the United States District
17  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
18  after being served with these findings and recommendations, any party may file written
19  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
20  Findings and Recommendations."  Failure to file objections within the specified time may waive
21  the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
22  DATED:  May 23, 2007.

                                    _____
                                    **CRAIG M. KELLISON**
                                    UNITED STATES MAGISTRATE JUDGE